FILED

2013 JUL 15 PM 1:48

CLERK, US DISTRICT COURT
[illegible]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BIBI W. AHAMAD,
    Plaintiff,

v.    Case No.: 5:13-CV-338-OC-10PRL

MAXIM HEALTHCARE SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, BIBI AHAMAD, by and through her undersigned counsels, and sues the Defendant, MAXIM HEALTHCARE SERVICES, INC., a Foreign company, (hereinafter "MAXIM" or "Defendant") and alleges as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq., hereinafter called the ("FLSA") and other causes of actions to recover unpaid overtime wages, an additional equal amount as liquidated damages, post-judgment interest, and reasonable attorney's fees and costs from Defendant.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3. At all times material hereto, Plaintiff, BIBI AHAMAD was, and continues to be a resident of Marion County, Florida

4. At all times material hereto Defendant MAXIM, was, and continues to be a foreign corporation. Further, at all times material hereto, Defendant MAXIM, was, and continues to be, engaged in business in Marion County, Florida.

5. At all times material hereto, Defendant was and continue to be, "engaged in commerce" within the meaning of §6 and §7 of the FLSA. Defendant provides care management services for home health, medical staffing, and wellness services in communities.

6. At all times material hereto, Plaintiff was "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Plaintiff was a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

8. At all times material hereto, Defendant were an "employer" within the meaning of FLSA, 29 U.S.C. §203(e) and (g).

9. At all times material hereto, Defendant was, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross revenue of Defendant, was in excess of $500,000.00 per annum during the relevant time periods.

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, post-judgment interest, and reasonable attorneys' fees, expert fees expenses and costs. This action is intended to include Plaintiff, an hourly paid employee, who worked for Defendant at any time within the past three (3) years within the State of Florida.

11. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived. While employed, Plaintiff reported the overtime hours to Defendant MAXIM, Plaintiff was not paid time and one-half for each hour worked over forty in a workweek.

13. Defendant, by and through Plaintiff or Plaintiff's counsel, has been informed prior to the commencement of the litigation as to FLSA overtime violations.

14. This Court has jurisdiction over Plaintiff claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

15. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours in excess of forty (40) within a work week, and/or to ensure that Plaintiff was paid at the minimum wage for each hour worked within a work week.

## STATEMENT OF FACTS

16. In 2008, Plaintiff, BIBI AHAMAD, was employed by Defendant.

17. Plaintiff held the job title of "Certified Nurse's Assistant." Plaintiff's duties primarily of a home health aide which includes prepared food, assisted with medications, completed errands for clients/patients of MAXIM.

18. Plaintiff was a full-time employee who received $8.00 for each hour of work as an employee for Defendant.

19. From 2008 through November 2011, Plaintiff worked approximately twenty-one to one hundred hours per workweek as an employee for Defendant.

20. At all material times, agent(s) of Defendant MAXIM and/or Defendant HUMANA, paid Plaintiff only the $8.00 for each hour she worked even when she worked over (40) forty hours in a workweek.

21. Defendant MAXIM knew or should have known that Plaintiff was working over forty hours in a workweek since it was recorded on her paystubs.

22. Additionally, at all material times hereto, Plaintiff worked as described above for Defendant but did not receive pay at the rate of at least one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours within workweeks of 2010 through November 2011.

23. Most of the records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due her.

24. Plaintiff, however, will exert her diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

25. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff BIBI AHAMAD reincorporate and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During her employment with MAXIM, Plaintiff, worked overtime hours but was not paid time and one-half compensation for same.

29. Defendant, MAXIM, by and through its agent(s), misclassified Plaintiff as exempt and only paid Plaintiff her hourly rate for work hours over (40) forty hours in a workweek even after Plaintiff verbally placed on notice of the violation.

30. As a result of Defendant, MAXIM, intentional, willful and unlawful acts in refusing to pay Plaintiff, time and one-half their regular rate of pay for each hour worked-in excess of forty (40) per work week in one or more worker week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendant's, MAXIM willful violation of the FLSA, Plaintiff, is entitled to liquidated damages.

32. Plaintiff has retained the legal services of Riggins Pisani, PA due to the unpaid overtime wages violations and has agreed to pay reasonable attorneys' fees and cost.

WHEREFORE, Plaintiff, BIBI AHAMAD, demands judgment against Defendant, MAXIM, a foreign company, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant, MAXIM, did not properly compensate her, liquidated damages, reasonable attorneys' fees, expert witness fess, and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

**Plaintiff demands a trial by jury.**

Dated this 13th day of July, 2013.

RIGGINS PISANI, P.A.

_____
Danialle Riggins, Esq.
Florida Bar No.: 0013909
driggins@rigginslawfirm.com
Linda G. Pisani, Esq.
Florida Bar No.: 0011640
lpisani@rigginslawfirm.com
421 S. Pine Ave
Ocala, Fl 34483
Telephone: 352-433-2400
Facsimile: 352-351-8054