## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**BIBI W. AHAMAD,**

**Plaintiff,**

**v.**                                                    **Case No: 5:13-cv-338-Oc-10PRL**

**MAXIM HEALTHCARE SERVICES,
INC.**

**Defendant.**

_____

### ORDER

This case comes before the Court for consideration of Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. 11), to which Defendant has responded.  (Doc. 5).

### BACKGROUND

Plaintiff brings this action against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), to recover unpaid overtime wages, liquidated damages, post-judgment interest, and reasonable attorneys' fees and costs.  (Doc. 1).  Defendant's Answer to the Complaint (Doc. 5) contains sixteen defenses, denials to the allegations of the Complaint, a plea for attorney's fees and costs, and a general reservation of rights.  Plaintiff now moves to strike several of these defenses, including Defendant's First, Second, Third, Seventh, Eleventh, Twelfth, Fourteenth, and Fifteenth Defenses, as well as its claim for attorneys' fees and costs.  The motion is due to be granted in part, but denied in all other respects.

## LEGAL STANDARDS

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike, however, are generally disfavored and will usually be denied unless it is clear that the pleading (or portion thereof) that is sought to be stricken is legally insufficient.  *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999).  Indeed, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574 (M.D. Fla. 1995).  And, "[t]o the extent defenses amount to denials, 'the proper remedy is not to strike the claim[s], but instead to treat [them] as . . . specific denial[s]." *Goodbys Creek, LLC*, 2009 WL 1139572, at *3 (citing *Bluewater Trading LLC v. Wilmar USA, Inc.*, 2008 WL 4179867, at *2 (S.D. Fla. Sep. 9, 2008)).

A defense is sufficiently pled under Rule 8, Fed. R. Civ. P., if it is stated in "short and plain terms."  In asserting a defense, "it is not always necessary to allege the evidentiary facts constituting the defense," *Blanc v. Safetouch, Inc.*, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008); rather, the pleading need only give fair notice of the defense(s) "so that [the] opposing part[y] may respond, undertake discovery, and prepare for trial," *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006).

**ANALYSIS**

In light of these principles, the Court notes that several of the disputed defenses amount to denials of Plaintiff's claim.  This is true for the following defenses pled by Defendant: (a) the First Defense that Plaintiff has "failed to state a claim upon which relief can be granted;" (b) the Second Defense, which contains a line by line response to each of the allegations of the Complaint; (c) the Third Defense that "Defendant denies all allegations, requests for relief, captions, headings, or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendant;" (d) the Seventh Defense that Plaintiff was exempt from the overtime provisions of the FLSA; and (e) the Fourteenth Defense that "Plaintiff's alleged damages are speculative and uncertain, or both, and, therefore, non-compensable."  The proper remedy is not to strike these defenses, but to treat them as denials.  (Doc. 5).

Defendant's Eleventh Defense states "Defendant is entitled to a setoff against any liability for amounts already paid to Plaintiff for working additional hours and all wage payments to Plaintiff (which she has had the use of for purposes of her own choosing but were unearned) for time which actually was not worked by Plaintiff and hours which were not compensable." (Doc. 5, ¶ XI).  Plaintiff moves to strike this defense, arguing that it may be unlawful as it may reduce Plaintiff's wages to fall below the statutory minimum as she was only paid $8.00 per hour.  (Doc. 11, ¶ 12).  As Defendant points out, however, setoff is an appropriate defense in an FLSA action, and it involves factual determinations yet to be made.  Moreover, the defense is clearly related to the controversy in this case and should not be stricken.

Defendant's Twelfth Defense alleges that Plaintiff did not perform substantial work duties for the benefit of her employer before or after working hours or during her lunch break, and that "Plaintiff is estopped by her failure to notify Defendant of her alleged work." (Doc. 5, ¶

XII).   Plaintiff moves to strike this defense on the basis that FLSA rights are not subject to estoppel, except for a few exceptions.   As Defendant argues, courts have permitted estoppel defenses in FLSA cases under certain, albeit narrow, circumstances.   *See, e.g., Merriweather v. Latrese & Kevin Enters., Inc.,* No. 3:08-cv-836-J-32-TEM, 2009 WL 1514640, *1 (M.D. Fla. May 28, 2009) (noting that courts have allowed the defense of estoppel in a FLSA action where a plaintiff affirmatively misleads a defendant employer regarding the number of hours worked); *see also Brumbelow v. Quality Mills, Inc..,* 462 F.2d 1324, 1327 (5th Cir.1972) (holding that "on the narrow facts of this case, the court correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer).[1]   Here, Defendant's Twelfth Defense can be read as alleging estoppel to the extent that Plaintiff affirmatively misled the employer regarding hours worked.   Otherwise, it can be read as a denial of Plaintiff's claim.   As such, it is not due to be stricken at this time.

Turning to Defendant's Fifteenth Defense, Defendant alleges that "Plaintiff waived, and/or is estopped from asserting claims to the extent they are based on an alleged failure to pay wages because she did not timely advise Defendant of any alleged mistakes in payment, underpayments, or failure by Defendant to adhere to the agreed upon compensation, or because she has already received all the compensation to which she is entitled." (Doc. 5, ¶ XV).   Plaintiff correctly notes, however, that waiver is not an available defense in FLSA cases.   Plaintiff's rights established by the FLSA cannot be waived, released, or compromised, and courts have stricken waiver defenses on that basis.   *See Judkins v. Bloomen Intern., Inc.,* 2010 WL 2510665, *4 (M.D. Fla. June 21, 2010) (striking an affirmative defense in a FLSA action to the extent it

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) ( *en banc* ).

alleged waiver, but retaining the defense of estoppel).   Defendant makes no argument and provides no authority in support of retaining its waiver defense (as distinguished from estoppel). Indeed, the defense of waiver is clearly invalid as a matter of law in this FLSA action.   *Id.* Accordingly, Defendant's Fifteenth affirmative defense is due to be stricken in part, as to the defense of waiver, and retained in part, as to the defense of estoppel.

Finally, Plaintiff moves to strike Defendant's claim for attorneys' fees and costs. Plaintiff concedes that it is possible for a prevailing defendant in an FLSA case to obtain an award of attorneys' fees, but argues that it is not a proper affirmative defense and Defendant fails to allege bad faith, referencing *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1543 (11th Cir. 1985).   It cannot be said, however, at this stage in the proceedings that Defendant can prove no set of facts to support a future claim for attorney's fees.   *See Hansen v. ABC Liquors, Inc.,* No. 3:09-cv-966-J-34-MCR, 2009 WL 3790447, *5 (M.D. Fla. Nov. 9, 2009).   Thus, this request to strike is also due to be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. 11) is GRANTED to the limited extent that the defense of waiver is stricken from Defendant's Fifteenth Defense, but Plaintiff's Motion to Strike (Doc. 11) is DENIED in all other respects.

**DONE** and **ORDERED** in Ocala, Florida on October 25, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties